**FOR PUBLICATION**

```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN

CHAD and VANESSA NUNEZ,         )
Successor in Interest to BANCO  )
POPULAR de PUERTO RICO,         )
                                )
              Plaintiffs,       )    Civil No. 2005-7
                                )
         v.                     )
                                )
CASSANDRA LOVELL a/k/a          )
CASSANDRA MAUREEN LOVELL, TOM   )
GIGILOTTI and MAGEN's RIDGE     )
CONDOMINIUM ASSOCIATION,        )
                                )
              Defendants.       )
_____)
```

**ATTORNEYS:**

**Adam Hoover, Esq.**
St. Croix, U.S.V.I.
   *For the Plaintiffs.*

**Cassandra Lovell a/k/a Cassandra Maureen Lovell**
   *Pro se defendant.*

**Tom Gigilotti**
   *Pro se defendant.*

**David A. Bornn, Esq.**
St. Thomas, U.S.V.I.
   *For Magen's Ridge Condominium Association.*

### MEMORANDUM OPINION

**GÓMEZ, C.J.**

This matter is before the Court for a determination whether Attorney David A. Bornn, Esq. ("Bornn") should be disqualified from this matter.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Banco Popular De Puerto Rico ("Banco Popular") commenced

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 2

this debt and foreclosure action in January, 2005 against the defendants, Cassandra Lovell a/k/a Cassandra Maureen Lovell ("Lovell"), Tom Gigilotti ("Gigilotti") and Magen's Ridge Condominium Association ("MRCA"). Neither Lovell nor Gigilotti has ever been represented by counsel during these proceedings. MRCA is represented by Bornn.

MRCA thereafter filed an answer to Banco Popular's complaint. MRCA also filed a cross-claim against Lovell and Gigilotti, alleging that Lovell and Gigilotti owed MRCA unpaid condominium dues. On Banco Popular's request, default was entered against Lovell and Gigilotti in July, 2005 on Banco Popular's claims.

In October, 2005, Banco Popular moved for summary judgment against MRCA and default judgment against Lovell and Gigilotti. MRCA filed a response to the motion. That motion is pending.

In September, 2006, the plaintiffs in this matter, Chad Nunez and Vanessa Nunez (the "Plaintiffs"), filed a notice of substitution of real party in interest, asserting that they had acquired Banco Popular's mortgage. The notice was signed and filed by Bornn.

In February, 2007, the Plaintiffs and MRCA, through their identical counsel, Bornn, filed a renewed request for entry of

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 3

default against Lovell and Gigilotti.[1]  That request is pending.

On June 26, 2008, the Court held a status conference in this matter.  Bornn attended on behalf of the Plaintiffs and MRCA.  No other party attended.  The Court ordered Bornn to file a brief on whether an attorney could represent a plaintiff and a defendant in the same case.

Bornn elected not to file a brief pursuant to the Court's order.  Instead, on July 9, 2008, Bornn and Attorney Adam Hoover, Esq. ("Hoover") filed a notice of substitution of counsel.  Hoover is now counsel of record for the Plaintiffs.  Bornn remains as counsel for MRCA.

On July 11, 2008, the Court ordered both Bornn and Hoover to file briefs regarding whether Bornn should be disqualified.  Bornn filed a brief with several exhibits.  Bornn also filed a motion to dismiss MRCA as a defendant in this matter.  Hoover also filed a brief in response to the Court's July 11, 2008, order.  But for the signature line, Hoover's brief is practically identical to the one filed by Bornn and is accompanied by largely the same exhibits.[2]

---

[1] It is unclear why the Plaintiffs and MRCA renewed their request for entry of default, since default was entered against Lovell and Gigilotti and the record does not reflect that the entry of default was vacated or is otherwise ineffective.

[2] The Court's July 11, 2008, order clearly requires the parties to file separate briefs.  Hoover apparently read that requirement to mean that he could simply sign the identical brief

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 4

In his brief, Bornn explains that he has previously represented the Plaintiffs in legal matters unrelated to the above-captioned matter.  Before this matter was commenced, the Plaintiffs purchased a condominium unit at Magen's Ridge Condominium on St. Thomas, U.S. Virgin Islands and became president and secretary of MCRA.  The Plaintiffs thereafter engaged Bornn as counsel for MRCA.

This matter was subsequently commenced, and MRCA was named as a defendant.  Bornn entered an appearance for MRCA.  During the pendency of this matter, the Plaintiffs, represented by Bornn, purchased Banco Popular's note and mortgage.  The Plaintiffs apprised MRCA of the purchase.  Banco Popular thereafter assigned its interest in the note and mortgage to the Plaintiffs.

Bornn states that he received authority for dual representation from both the Plaintiffs and MRCA, and subsequently filed a notice of appearance on behalf of the Plaintiffs in this matter.  These facts are supported by affidavits attached to Bornn's brief from Bornn himself, the Plaintiffs, and one Zona Corbin, MRCA's secretary/treasurer since July 2004.  Also attached to Bornn's brief is a July 17, 2006, letter from Bornn to the Plaintiffs and MRCA.  The letter advises

---

filed by opposing counsel and file that brief under separate cover.

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 5

its addressees of Bornn's dual representation in this matter and is signed by the Plaintiffs and MRCA's president.[3]

## II. DISCUSSION

"The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980) (citations omitted); *NCK Org. Ltd. v. Bregman*, 542 F.2d 128, 131 (2d Cir. 1976) (noting that the district court has a "duty to supervise members of its bar"). The Third Circuit has explained that

> [a]n attorney who fails to observe his obligation of undivided loyalty to his client injures his profession and demeans it in the eyes of the public. The maintenance of the integrity of the legal profession and its high standing in the community are important additional factors to be considered in determining the appropriate sanction for a Code violation.

*International Business Machines Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978) (citing *Hull v. Celanese Corp.*, 513 F.2d 568, 572 (2d Cir. 1975)).

"The maintenance of public confidence in the propriety of the conduct of those associated with the administration of justice is so important a consideration that [the Third Circuit] ha[s] held that a court may disqualify an attorney for failing to avoid even the appearance of impropriety." *Id.* (citations

---

[3] The MRCA president who signed the dual representation letter is Chad Nunez's successor.

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 6

omitted). "Indeed, the courts have gone so far as to suggest that doubts as to the existence of an asserted conflict of interest should be resolved in favor of disqualification." *Id.* (citations omitted); *see also HealthNet, Inc. v. Health Net, Inc.*, 289 F. Supp. 2d 755, 759 (S.D. W. Va. 2003) ("[C]ourts determining whether to disqualify counsel should act to prevent the appearance of impropriety and resolve doubts in favor of disqualification.") (citing *United States v. Clarkson*, 567 F.2d 270, 273 n.3 (4th Cir. 1977)); *Papanicolaou v. Chase Manhattan Bank, N.A.*, 720 F. Supp. 1080, 1083 (S.D.N.Y. 1989) ("Although courts should pause before depriving a party of the counsel of its choice, disqualification is appropriate when a lawyer's conduct might taint the case. In general, then, a district judge should disqualify the offending counsel when the integrity of the adversarial process is at stake.") (citing *Board of Education v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)).

"[T]he exercise of th[e] authority [to disqualify] is committed to the sound discretion of the district court." *Miller*, 624 F.2d at 1201. Furthermore, "in its order of disqualification the [district] court has a wide discretion in framing its sanctions so as to be just and fair to all parties involved." *International Business Machines Corp.*, 579 F.2d at 279.

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 7

### III. **ANALYSIS**

The Court begins its analysis with the American Bar Association's Model Rules of Professional Responsibility (the "Model Rules"), which have been judicially adopted in the Virgin Islands. *See Bluebeard's Castle, Inc. v. Delmar Mktg.*, 886 F. Supp. 1204, 1206-07 (D.V.I. 1995) (citing *Virgin Islands Bar Association v. Boyd-Richards*, 765 F. Supp. 263 (D.V.I. 1991)).

Rule 1.3 of the Model Rules provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." Model Rules of Prof'l Conduct R. 1.3. The Preamble to the Model Rules states that "[a]s advocate, a lawyer zealously asserts the client's position under the rules of the adversary system." *Id.* Preamble and Scope ¶ 2.

Rule 1.7(a) of the Model Rules provides, in pertinent part, that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest[, which] exists if the representation of one client will be directly adverse to another client." *Id.* 1.7(a). Courts have held that "[t]he most egregious conflict of interest is representation of clients whose interests are directly adverse *in the same litigation*." *See People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.*, 980 P.2d 371, 378 (Cal. 1999) (citation omitted) (emphasis supplied); *see also Synergy Tech & Design, Inc. v. Terry*, Civ. No. 06-02073,

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 8

2007 U.S. Dist. LEXIS 34463, at *19 (N.D. Cal. May 2, 2007) (noting that "simultaneously representing opposing parties in the same litigation . . . is perhaps the most egregious example" of a conflict of interest) (citation omitted); *Jedwabny v. Philadelphia Transportation Co.*, 135 A.2d 252, 254 (Pa. 1957) ("No one could conscionably contend that the same attorney may represent both the plaintiff and defendant in an adversary action. . . . Obviously, the attorney cannot serve the opposed interests of his two clients fully and faithfully. The ancient rule against one's attempting to serve two masters interposes."), *cert. denied*, 355 U.S. 966 (1958).

    Bornn's simultaneous representation of the plaintiffs and a defendant in the same litigation is precisely the sort of situation that Rule 1.7(a) contemplates and that courts roundly find impermissible. *See*, *e.g.*, *Universal City Studios, Inc. v. Reimerdes*, 98 F. Supp. 2d 449, 452 (S.D.N.Y. 2000) ("[I]t is improper *per se* for an attorney to participate in a lawsuit against his or her own client in a situation in which the lawyer has traditional attorney-client relationships with both clients.") (citing *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1387 (2d Cir. 1976)). Still, the Court must determine whether Bornn is covered by any exception.

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 9

A review of the Model Rules reveals that there is no exception to Rule 1.7(a) where the lawyer's representation "involve[s] *the assertion of a claim by one client against another client . . . in the same litigation.*"[4] Model Rules of Prof'l Conduct R. 1.7(b) (emphasis supplied).[5] Here, there can be no doubt that the Plaintiffs have asserted a claim against MRCA. Accordingly, absent some compelling explanation, Bornn cannot avail himself of Rule 1.7(b)'s exception to Rule 1.7(a)'s prohibition against simultaneous representation of opposing parties in the same case.

---

[4] Other jurisdictions have codified this prohibition without providing an exception. *See*, *e.g.*, Tex. R. Prof Conduct 1.06(a) ("A lawyer shall not represent opposing parties to the same litigation.").

[5] Rule 1.7(b) qualifies the prohibition in Rule 1.7(a) with a four-part test. Under that conjunctive test, a lawyer may represent a client notwithstanding the existence of a concurrent conflict of interest if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing.

Model Rules of Prof'l Conduct R. 1.7(b). Failure on any prong of Rule 1.7(b) precludes simultaneous representation.

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 10

Bornn argues that the mandate of Title 28, Section 532 of the Virgin Islands Code ("Section 532") precludes a conflict. Section 532 provides:

> Any person having a lien subsequent to the plaintiff upon the same property or any part thereof, or who has given a promissory note or other personal obligation for the payment of the debt or any part thereof, secured by the mortgage or other lien which is the subject of the action, shall be made a defendant in the action. Any person having a prior lien may be made defendant at the option of the plaintiff, or by the order of the court when deemed necessary.

V.I. CODE ANN. tit. 28, § 532.

Because the Plaintiffs were required to name all junior lien holders, including MRCA, Bornn argues that Section 532 "does not create 'adverse' parties." (Br. Regarding Dual Representation and Disqualification of Counsel 7) [hereinafter Bornn Br.]. Bornn further asserts that the Plaintiffs and MRCA have never actually been adverse because MRCA has never contested the Plaintiffs' efforts to foreclose their lien. Bornn proceeds to define "adversity" and states that "MRCA and Banco Popular were never adverse parties other than as required by [Section 532]." (*Id.*)

The flaws in Bornn's argument are at least twofold. First, nothing in the plain language, the purpose or the application of Section 532 supports Bornn. Bornn points to no authority whatever for his proposition, and the Court's research has likewise turned up none.

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 11

Second, in contrast to Rule 1.7(a), Rule 1.7(b)(3) of the Model Rules does not speak of "adverse" parties. Rather, that rule bars an attorney from representing two clients in the same case in which one client asserts a claim against the other. Here, there can be no doubt that the Plaintiffs have asserted a claim against MRCA, whether of their own volition or to conform to statutory requirements. Bornn fails to advance any cogent argument explaining how that is not so. To the extent Bornn relies on the Plaintiffs' and MRCA's respectively having consented to Bornn's dual representation, that reliance is misplaced. Comment 23 to Rule 1.7 of the Model Rules unambiguously explains that "[p]aragraph (b)(3) prohibits representation of opposing parties in the same litigation, *regardless of the clients' consent*." Model Rules of Prof'l Conduct 1.7 cmt. (emphasis supplied).

Bornn also relies on Title 28, Section 533 ("Section 533") of the Virgin Islands Code, which provides:

> When it is adjudged that any of the defendants have a lien upon the property, the court shall make a like judgment in relation thereto and the debt secured thereby as if such defendant were a plaintiff in the action. When a judgment is given foreclosing two or more liens upon the same property or any portion thereof in favor of different persons not united in interest such judgment shall determine and specify the order of time, according to their priority, in which the debts secured by such lien shall be satisfied out of the proceeds of the sale of the property.

V.I. CODE ANN. tit. 28, § 533.

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 12

    Bornn reads Section 533 to mean that "MRCA's concurrence with Banco [Popular] essentially makes them co-Plaintiffs." (Bornn Br. 8.) According to Bornn, "it would be inconsistent with [Section 533] to claim that MRCA is anything more than a nominal defendant." (*Id.*).

    Section 533 authorizes a court to prioritize the liens of all lien holders in an action. *See*, *e.g.*, *United States v. Smith*, Civ. No. 1999-127, 2006 U.S. Dist. LEXIS 78698, at *3 (D.V.I. Oct. 19, 2006) (prioritizing the parties' liens). That provision allows a court to treat a defendant as if that defendant were a plaintiff only for the limited purpose of determining the priority of liens. Like Section 532, nothing in Section 533 even remotely suggests that an attorney is authorized to represent both the plaintiff lien holder and a defendant lien holder.

    Moreover, Bornn's contention that there is no conflict because MRCA is a mere "nominal" defendant is mistaken. A nominal party is "[a] party to an action who has no control over it and no financial interest in its outcome; esp., a party who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by any judgment, but who is nonetheless joined in the lawsuit to avoid procedural defects." Black's Law Dictionary (8th ed. 2004).[6] It can hardly be said

---

    [6] Black's offers the following as an example of a nominal party: "[T]he disinterested stakeholder in a garnishment action." Black's Law Dictionary (8th ed. 2004).

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 13

that a holder of a lien against property has no financial interest in the outcome of a lawsuit foreclosing all liens against that property. Nor can there be any serious doubt that such a lien holder has anything other than a material interest in that lawsuit and will indeed be affected by a court's adjudication of that lawsuit. Furthermore, the Virgin Islands Code's requirement that all junior lien holders be joined as defendants is not merely procedural. Rather, that requirement exists to protect the substantive interest of the junior lien holders. Bornn's unsupported characterization of MRCA as a nominal defendant is therefore unconvincing.

Bornn also relies on the Restatement (Third) of the Law Governing Lawyers.[7] Section 121 of the Restatement prohibits conflicts of interest. *See* Restatement (Third) of the Law Governing Lawyers § 121 (2000). Section 122 of the Restatement, like Rule 1.7 of the Model Rules, qualifies that prohibition:

> (1) A lawyer may represent a client notwithstanding a conflict of interest prohibited by § 121 if each affected client or former client gives informed consent to the lawyer's representation. Informed consent requires that the client or former client have reasonably adequate information about the material risks of such representation to that client or former client.

---

[7] The Virgin Islands Code provides that "the restatements of the law . . . shall be the rules of decision in the courts of the Virgin Islands . . . in the absence of local laws to the contrary." V.I. CODE ANN. tit. 1, § 4.

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 14

>    (2) Notwithstanding the informed consent of each
>    affected client or former client, a lawyer may not
>    represent a client if:
>
>    (a) the representation is prohibited by law;
>
>    (b) *one client will assert a claim against the other in
>    the same litigation*; or
>
>    (c) in the circumstances, it is not reasonably likely
>    that the lawyer will be able to provide adequate
>    representation to one or more of the clients.

*Id.* § 122 (emphasis supplied).[8] Like Rule 1.7(b) of the Model Rules, Section 122 prohibits an attorney's representation of a party in a proceeding when that party asserts a claim against another party in that same proceeding who is also represented by that attorney.[9] Consequently, the Restatement is similarly of no help to Bornn.[10]

---

[8] Section 122 of the Restatement, unlike Rule 1.7(b) of the Model Rules, is written disjunctively. *See Lawrence v. City of Philadelphia*, 527 F.3d 299, 323 (3d Cir. 2008) (noting "the use of the disjunctive word 'or'"). Consequently, any one of Section 122(2)'s provisions operates on its own to prohibit a particular representation.

[9] Section 128 of the Restatement (Third) of the Law Governing Lawyers states, in relevant part, that "a lawyer in civil litigation may not . . . represent one client to assert or defend a claim against or brought by another client currently represented by the lawyer." Restatement (Third) of the Law Governing Lawyers § 128 (2000). That prohibition is avoided where "all affected clients consent to the representation," but only "under the limitations and conditions provided in § 122." *Id.* As discussed above, Section 122 clearly bars representation where "one client will assert a claim against the other in the same litigation." *Id.* § 122.

[10] Bornn also contends that his dual representation was permissible because MRCA's debt has been satisfied, and thus MRCA need no longer be a party in this matter. That contention fails,

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 15

    Given Bornn's violation of the strict prohibition against representation of a plaintiff and a defendant in the same legal proceeding -- as enshrined in Rule 1.7 of the Model Rules -- the Court must now determine the appropriate remedy.

    The Court has paid due attention to the evidence submitted by Bornn substantiating his claim that both the Plaintiffs and MRCA knowingly consented to his dual representation. The Court acknowledges as well that there is no definitive indication in the record, at least at this point of these proceedings, that either the Plaintiffs or MRCA have been prejudiced by that representation. Nevertheless, the Court fears that the representation of both the Plaintiffs and MRCA is so tainted at this point that disqualification is necessary to preserve the sanctity of these proceedings and to ensure loyal and zealous

---

however, to address how Bornn's previous simultaneous representation of both the Plaintiffs and MRCA passes ethical muster.

    Because Hoover now represents the Plaintiffs, Bornn also relies on Rule 1.9 of the Model Rules, which provides, in pertinent part, that "[a] lawyer who has *formerly* represented a client in a matter shall not thereafter represent another person in the same . . . matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Model Rules of Prof'l Conduct 1.9 (emphasis supplied). Bornn's reliance on Rule 1.9 is misplaced. That rule contemplates a situation in which an attorney's representation of a party in a proceeding terminates and is followed by that attorney's representation of an opposing party in the same proceeding. Significantly, that rule does not address situations in which, as here, an attorney *simultaneously* represents opposing parties in the same proceeding.

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 16

advocacy for all parties in this matter. *See*, *e.g.*, *Oneida Indian Nation of Wisconsin v. New York*, Civ. No. 79-798, 1983 U.S. Dist. LEXIS 15010, at *7 (N.D.N.Y. Aug. 1, 1983) ("[T]he joint representation in the same lawsuit of parties with adverse interests impairs the integrity of the proceeding itself."). Indeed, the fact that Hoover, now ostensibly representing the Plaintiffs, filed in response to this Court's July 11, 2008, order a brief that is by all appearances identical to that filed by Bornn, lends further support to the Court's conclusion that at least one of the parties in this matter is not receiving the independent, zealous representation that it deserves and that the law requires.[11]

Moreover, a finding of actual prejudice is not necessarily a prerequisite to a court's disqualification of counsel. Rather, "disqualification in circumstances . . . where specific injury to [a] party has not been shown is primarily justified as a vindication of the integrity of the bar." *International Business Machines Corp.*, 579 F.2d at 283. In light of Bornn's violation of Rule 1.7(a) of the Model Rules -- and inability to demonstrate the applicability of Rule 1.7(b) or any other exception -- as well as the overwhelming appearance of a conflict of interest,

---

[11] In other words, although Hoover has been substituted for Bornn as counsel for the Plaintiffs, the Plaintiffs -- Bornn's former clients -- and MRCA -- Bornn's current client -- are still filing the same pleadings as if they were still represented by the same attorney.

*Nunez, et al. v. Lovell, et al.*
Civil No. 2005-7
Memorandum Opinion
Page 17

the Court is persuaded that disqualification in this matter is warranted to maintain the "integrity of our judicial process," *Celanese Corp.*, 513 F.2d at 572[12], and "the high standards of the [legal] profession," *Government of India v. Cook Industries, Inc.*, 569 F.2d 737, 739 (2d Cir. 1978).

### IV. CONCLUSION

For the reasons given above, it is hereby

**ORDERED** that Bornn is **RELIEVED** of his representation of MRCA; it is further

**ORDERED** that MRCA, no later than **November 4, 2008**, shall obtain successor counsel or notify the Court of its intention to proceed *pro se*; and it is further

**ORDERED** that MRCA's motion to dismiss is **DENIED** without prejudice.

                                             S_____
                                             **CURTIS V. GÓMEZ**
                                             **Chief Judge**

---

[12] The reasoning of the *Celanese Corp.* Court resonates in this matter:

> The preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar is paramount.  Recognizably important are [the appellant's] right to counsel of her choice. . . . Th[is] consideration[] must yield, however, to considerations of ethics which run to the very integrity of our judicial process.

*Celanese Corp.*, 513 F.2d at 572.